IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARITY D. GILLISS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 14-1346 SLR |
| DENTSPLY, LLC, | ) ) ) | |
| Defendant. | ) | |

Noel E. Primos, Esquire, Dover, Delaware. Counsel for Plaintiff.

Matthew F. Boyer, Esquire, Timothy M. Holly, Esquire, and Mary I. Akhimien, Esquire of Connolly Gallagher LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: July 31, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On October 27, 2014, plaintiff Charity D. Gilliss ("plaintiff") filed a lawsuit against defendant Dentsply, LLC ("defendant") alleging that defendant discriminated against her on the basis of her disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and that defendant retaliated against her for exercising her rights under Delaware's Workers' Compensation Act ("WCA"), 19 Del. C. § 2365. (D.I. 1)

Presently before the court is defendant's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on the grounds that plaintiff's complaint fails to state a plausible claim for relief. (D.I. 8) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1367.

## II. BACKGROUND

Plaintiff was employed by defendant as a Quality Control Inspector from June 10, 2013 until March 25, 2014. (D.I. 1 ¶ 11) During that time, plaintiff contends that defendant was aware of a preexisting hearing impairment. (D.I. 1 ¶ 12) In March 2014, plaintiff reported back pain to a nurse who was employed by defendant. (D.I. 1 ¶ 14) Although plaintiff alleges that she gave the nurse no indication that her condition was work-related, the nurse filled out a workers' compensation claim and sent plaintiff to defendant's occupational health agency, who prescribed medication and exercise and instructed plaintiff to return to work. (D.I. 1 ¶ 15) Plaintiff was then put on leave until she obtained a release from her own doctor to return to work. (D.I. 1 ¶ 16) In a letter dated March 14, 2014, defendant's workers' compensation insurance

carrier informed defendant that plaintiff's claim was denied because she did not have an accident or event in the workplace that resulted in an injury. (D.I. 1 ¶ 18) Plaintiff's own doctor released her to return to work, effective March 24, 2014. (D.I. ¶ 17)

On March 24, 2014, defendant's human resources representative Jon Good ("Good") spoke with plaintiff by telephone to explain that her employment was being terminated, allegedly because she had failed to report a work-related injury in a timely manner. (D.I. 1 ¶ 18) Plaintiff expressed difficulty understanding him over the phone, so they scheduled a time to meet in person on March 25, 2014 to discuss the reasons for her termination. *Id.* At the time of the meeting, Good refused to meet with plaintiff, which plaintiff contends was because she desired the assistance of her husband due to her hearing impairment. (D.I. 1 ¶ 19) Plaintiff contends that Good's refusal to meet was tantamount to denying plaintiff a reasonable accommodation. *Id.*

Plaintiff alleges that the reason given by defendant for her termination was pretextual and that the true reasons were: (1) discrimination against plaintiff on the basis of her disabilities; and (2) retaliation against plaintiff for the exercise of her rights under Delaware's workers' compensation statutes. (D.I. 1 ¶ 20) With respect to each count, plaintiff seeks back pay, including interest; reinstatement, if feasible, or in the alternative, front pay; compensatory damages; punitive damages; pre-judgment and post-judgment interest; and attorney fees. (D.I. 1 ¶¶ 25, 28)

## III. STANDARD

The court reviews a Rule 12(c) motion for judgment on the pleadings based on an allegation that the plaintiff has failed to state a claim "under the same standards that apply to a Rule 12(b)(6) motion." *Ferrell v. Cmty. Mgmt. Servs., LLC*, 2011 WL

2

1750452, at *1 (D. Del. May 6, 2011) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). That is, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. ANALYSIS

### A. The ADA Claim[1]

---

[1] Plaintiff timely submitted a complaint of discrimination on the basis of disability to the Delaware Department of Labor and the Equal Employment Opportunity Commission ("EEOC"). She has received a Notice of Right to Sue from the EEOC and has timely filed this complaint within ninety days of her receipt of the same. (D.I. 1 ¶¶ 6-8)

3

The ADA prohibits discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination, a plaintiff must show that she: (1) has a disability; (2) is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) was nonetheless terminated or otherwise prevented from performing the job. *Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007). Disability is defined as a mental or physical impairment that substantially limits a major life activity. *Id.* at 185. But the Third Circuit has held that a plaintiff is not required to establish the elements of a prima facie claim in order to survive a Rule 12(b)(6) or Rule 12(c) motion. *See Fowler v. UCMB Shadyside*, 578 F.3d 203 (3d Cir. 2009). Instead, at the pleading stage, plaintiff must plead facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Id.* at 213.

As to the showing of plaintiff's disability, plaintiff asserts two alternative theories: (1) that she was regarded as disabled by defendant; and (2) that she was actually disabled due to her back condition.[2]

---

[2] Plaintiff also presents a theory that her hearing impairment, of which she alleges defendant was aware from the start of her employment (D.I. 1 ¶ 12), was related to defendant's decision to terminate her. However, plaintiff does not allege any facts to support the conclusion that defendant's decision to discharge her was related to her hearing impairment. Plaintiff cannot state a claim simply by asserting that defendant was aware of her hearing impairment throughout the duration of her employment. *See Davis v. Davis Auto, Inc.*, 2011 WL 5902220, at *8 (E.D. Pa. Nov. 22, 2011) *aff'd*, 2013 WL 139575 (3d Cir. Jan. 11, 2013) ("Mere knowledge of an employee's impairment is not enough, because anyone could prove a prima facie case of employment discrimination merely showing adverse action against the individual and that the employer was aware of the employee's disability."). As such, defendant's motion for

4

### 1. The "regarded as" claim

To state a "regarded as" claim under the ADA, a plaintiff must allege that she was subjected to discrimination "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). Further, the provision does not apply to impairments that are "transitory and minor," that is, impairments "with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B).

Plaintiff alleges that defendant regarded her as disabled following her report of a back condition and terminated her in response. (D.I. 9 ¶ 5). Citing the ADA, which excludes transitory and minor disabilities from "regarded as" claims, defendant contends that plaintiff's claim fails because plaintiff's back condition was transitory and minor, given that she was released within days to return to full work duty. (D.I. 12 ¶¶ 2-5) Plaintiff alleges that there was no indication that her condition had completely resolved when she was released by the occupational health provider and her doctor to return to work, and the diagnosis that it was related to her sciatic nerve indicated that it could be a longer-term condition. (D.I. 9 ¶ 6)

Plaintiff has alleged facts sufficient to support a reasonable expectation that discovery will reveal the necessary evidence to support the other two elements of an ADA claim, that: (1) plaintiff was otherwise qualified to perform the essential functions of her job; and (2) plaintiff was nonetheless terminated. Plaintiff alleges that she was qualified for her job position and satisfactorily performed her duties. (D.I. 1 ¶ 13) She also alleges that she was nonetheless terminated following her report of back pain and

---

judgment on the pleadings with respect to plaintiff's hearing impairment ADA claim is granted.

5

subsequent medical treatment. (D.I. 1 ¶¶ 14-20) Such allegations are sufficient to withstand a motion for judgment on the pleadings.

Taking the facts in the light most favorable to plaintiff, the court concludes that plaintiff's allegations plausibly give rise to an entitlement of relief.

### 2. The "actual disability" claim

To state an "actual disability" claim under the ADA, plaintiff must allege that her back impairment substantially limited her in one or more major life activities. 42 U.S.C. § 12102(1)(A). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). An individual is substantially limited if she is "unable to perform a major life activity that the average person in the general population can perform" or is "significantly restricted as to the condition, manner, or duration" under which she can perform it. *Lescoe v. Pennsylvania Dept. of Corrections-SCI Franckville*, 464 Fed. Appx. 50, 52 & n.5 (3d Cir. 2012) (citing *Walton v. Mental Health Ass'n*, 168 F.3d 661, 665 (3d Cir. 1999) (interpreting the term "substantially limited" in the ADA using 29 C.F.R. § 1630.2(j)). In determining whether a substantial limitation exists, courts should consider "the condition under which the individual performs the major life activity; the manner in which the individual performs the major life activity; and/or the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity." 29 C.F.R. § 1630.2(j)(4)(i). Moreover, the Third Circuit has held that a temporary, non-chronic impairment of short duration is not an actual disability within the meaning of the ADA. *See Rinehimer v. Cemcolift, Inc.*,

6

292 F.3d 375, 380 (3d Cir. 2002); *McDonald v. Pa. Dept. of Public Welfare, Polk Ctr.*, 62 F.3d 92, 96 (3d Cir. 1995).

Plaintiff alleges that she was actually disabled due to her back condition. (D.I. 9 ¶ 6) However, plaintiff fails to allege any major life activity that was affected as a result of her back condition, let alone that her impairment posed a substantial limitation. *See Lescoe v. Pa. Dept. of Corr.-SCI Frackville*, 464 Fed. Appx. 50, 52-53 (3d Cir. 2012) (stating that plaintiff failed to establish that he had an actual disability under the ADA because he failed to show that any major life activity was adversely affected by his impairment); *see also Amiot v. Kemper Ins. Co.*, 122 Fed. Appx. 577, 580 (3d Cir. 2004) (holding that plaintiff's conclusory statements that he was substantially limited in performing a major life activity were insufficient given that a doctor's note affirmed that plaintiff was capable of returning to work after seeking treatment).

Here, plaintiff does not allege any facts that would plausibly lead to the conclusion that she was substantially limited in a major life activity. Therefore, she fails to state a claim under the "actual disability" prong of the ADA.

**B. The Workers' Compensation Retaliation Claim**

Delaware's Workers' Compensation Act protects employees who request workers' compensation benefits from retaliatory action by their employers. 19 Del. C. § 2365. In order to establish a prima facie case for retaliation, plaintiff must show that: (1) she exercised her rights under the Workers' Compensation Act; (2) defendant took an adverse employment action against her; and (3) there was a causal connection between her exercise of rights and the adverse employment action. *See Santora v. Red Clay Consol. School Dist.*, 901 F. Supp. 2d 482, 491 (D. Del. 2012), *aff'd*, 580 Fed.

7

Appx. 59 (3d Cir. 2014) (noting that an employee's request for workers' compensation benefits "is precisely the activity protected by § 2365"). Again, plaintiff is not required to meet the evidentiary standard of establishing a prima facie case in order to survive a Rule 12(b)(6) or Rule 12(c) motion. Instead, the pleading requirement "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations omitted)).

Here, plaintiff failed to state a claim because she has not alleged facts that raise a reasonable expectation that she will be able to establish a prima facie case through discovery. The statute provides that an employer may not retaliate against an employee "because such employee has claimed or attempted to claim workers' compensation benefits from such employer." 19 Del. C. § 2365. Plaintiff did not claim or attempt to claim workers' compensation benefits. Instead, when plaintiff visited the nurse employed by defendant, the nurse filled out the paperwork and submitted a workers' compensation claim. Plaintiff does not allege in the complaint that she affirmatively requested the filing of such a claim. To the contrary, she alleges that she gave the nurse "no indication" that her condition was work-related. (D.I. 1 ¶ 15) Without any affirmative act on her part to exercise her right to request benefits, plaintiff cannot establish the first element necessary to state a claim under the WCA.[3]

---

[3] Plaintiff contends that she did request workers' compensation benefits by seeking medical treatment from defendant's occupational health provider. (D.I. 9 ¶ 16) The WCA provides benefits only for injuries "arising out of and in the course of employment." 19 Del. C. § 2304. Defendant's workers' compensation carrier

8

Defendant's Rule 12(c) motion is granted as to plaintiff's workers' compensation retaliation claim.

## V. CONCLUSION

For the foregoing reasons, defendant's Rule 12(c) motion for judgment on the pleadings with respect to plaintiff's hearing impairment ADA claim is granted. Defendant's motion with respect to plaintiff's back impairment ADA claim is denied. Defendant's motion with respect to plaintiff's WCA claim is granted. An order shall issue.

---

determined that plaintiff had no such work-related injury. (D.I. 1 ¶ 16) Therefore, this provision does not apply in the present case.